[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

No. 08-10709
Non-Argument Calendar

_____

D. C. Docket No. 07-00048-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY LAMONDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 3, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Timothy Lamonds appeals from his convictions and 300-month sentence of

imprisonment for conspiracy to distribute or possess with intent to distribute

cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and 846, possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and 18 U.S.C. § 2, and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2). On appeal, Lamonds argues that: (1) the district court abused its discretion in denying his motion for mistrial during his trial, after the government improperly commented on his post-arrest silence; and (2) his total sentence was unreasonable. After careful review, we affirm.

We review for abuse of discretion a district court's denial of a motion for mistrial based on a comment on a defendant's right to remain silent. United States v. Dodd, 111 F.3d 867, 869 (11th Cir. 1997). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we find no merit to Lamonds's argument that the district court abused its discretion in denying his motion for mistrial after two of the government's questions during direct examination and its statements during closing argument amounted to a comment on his constitutional right to remain silent. "A defendant is entitled to a grant of mistrial only upon a showing of substantial prejudice."

2

United States v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999). "Improper statements prejudice the defendant when there is a reasonable probability that, but for the prosecutor's offending remarks, the outcome of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Baker, 432 F.3d 1189, 1252 (11th Cir. 2005) (alterations and ellipses omitted).

A prosecutor's "use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving Miranda warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." Doyle v. Ohio, 426 U.S. 610, 619 (1976). A Doyle violation occurs when "the statement was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment on the failure of an accused to testify." Chastain, 198 F.3d at 1351. "The question is not whether the jury possibly or even probably would view the remark in this manner, but whether the jury necessarily would have done so." United States v. Knowles, 66 F.3d 1146, 1163 (11th Cir.1995) (quotation and emphasis omitted). The remark must be considered in context to determine the prosecutor's motive and the impact upon the jury. Id. In Dodd, 111 F.3d at 869, we affirmed the district court's denial of the defendant's motion for mistrial because the prosecutor's comments about what the defendant did not say could reasonably

3

have been interpreted as referring to an inconsistency between the defendant's theory of defense and his post-arrest statement. Id. at 869-70.

At Lamonds's trial, the prosecutor argued in his opening statement that Lamonds had made some comments when he was getting his fingerprints taken, including the admission, "in effect," that "I'm screwed, I knew better than to be doing this stuff." Lamonds's counsel, in his opening statement, in turn argued that these comments could be interpreted as meaning that Lamonds had made a "bad mistake" in getting involved with two drug dealers, even though he did not have anything to do with the drugs. Drug Enforcement Administration Agent Michael Clear subsequently testified at the trial to the comments that Lamonds had made. After this testimony, the government asked Agent Clear, "Now, did he say anything about being sorry he came down to Panama City on spring break or summer break?" Clear replied, "No, sir." The government asked, "Did he say anything about not being involved in what was going on in the motel room?" Clear replied, "No." The prosecutor reiterated the substance of these questions and answers in the closing argument.

In the context of Lamonds's trial, the prosecutor's comments are reasonably interpreted to be in reference to an inconsistency between Lamonds's post-arrest statements and his theory of defense. See Dodd, 111 F.3d at 869-70. Therefore,

4

the prosecutor's statements were not prohibited comments on Lamonds's right to remain silent. Moreover, even if we were to conclude that a Doyle violation occurred, Lamonds has not showed any resulting substantial prejudice, since there was clear testimony about Lamonds's involvement in the conspiracy from two cooperating witnesses. See Chastain, 198 F.3d at 1352; Baker, 432 F.3d at 1252. Accordingly, the district court did not abuse its discretion in declining to grant Lamonds's motion for mistrial.

We also reject Lamonds's challenge to the reasonableness of his sentence. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing

err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

As the record shows, the district court correctly calculated the guideline ranges, heard the arguments of the parties, and said that it considered the § 3553(a) factors and the advisory guideline range. The district court also explained that it was varying below the guidelines range in recognition of Lamonds's limited participation in the offense and the sentencing disparity with his co-conspirator, while taking into account Lamonds's status as a career offender and the statutory sentencing goals of deterrence and protection of the public. Although the district court did not discuss each of the § 3553(a) factors individually, "the district court need only acknowledge that it considered the § 3553(a) factors, and need not discuss each of these factors in either the sentencing hearing or in the sentencing order." United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007) (internal quotation and punctuation omitted); United States v.

---

disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). Thus, Lamonds has not shown that the district court committed any procedural error in imposing his sentence. Pugh, 515 F.3d at 1190.

Nor has Lamonds shown that his sentence was substantively unreasonable. As noted above, the district court considered Lamonds's arguments regarding the sentencing disparity with his co-conspirator and his limited participation in the offense, and then varied downward 120 months from the low end of the guideline range because of those factors. In light of the needs for deterrence and protection of the public cited by the district court and Lamonds's criminal history, Lamonds has not demonstrated that his below-guidelines sentence was unreasonable. This is especially true given that reasonableness review is deferential, and there is a "range of reasonable sentences from which the district court may choose." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Accordingly, the district court did not abuse its discretion in imposing Lamonds's 300-month sentence.

**AFFIRMED.**