United States Court of Appeals,

Eleventh Circuit.

No. 95-4978.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Donald DODD a.k.a. "Long Danny", Defendant-Appellant.

May 7, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-304-CR-FAM), Federico A. Moreno, Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and FAY, Senior Circuit Judge.

PER CURIAM:

Michael Dodd appeals his conviction and 360-month sentence for violations of Title 21 U.S.C. §§ 848 (continuing criminal enterprise), 841(a)(1) (conspiracy to possess marijuana with intent to distribute) and Title 18 U.S.C. 1546(a) (possession of a passport obtained by false statement). On appeal Dodd argues that the prosecutor improperly commented on his post-*Miranda*[1] silence and that a government witness's cross-examination testimony that he had been incarcerated with Dodd warranted a mistrial. As for his sentence, Dodd argues that he is entitled to a two-level reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G").

The events in the instant case were set in motion with the arrest of Audley Antonio and Ainsley Brown in Mississippi for transporting more than $500,000 in United States currency hidden in

------

[1] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

two vehicles.  Antonio told the FBI that the money was to be delivered to Manley Cargill, a source for a large Jamaican drug ring in New York City and that Dodd was one of its leaders.

At trial, Dodd defended on the basis of the statute of limitations.  His lawyer admitted that Dodd dealt marijuana previously, but argued that there was no evidence of a criminal act after June 25, 1988.[2]  In response, the Government called Antonio who testified that he had worked for Dodd from 1986 to 1990 purchasing and transporting marijuana and cocaine.  The Government also called FBI Agent Andrew Bland who testified that upon Dodd's arrest Dodd stated five or six times:  "If I have to go to jail for the weed, that is OK, but not for cocaine."  Commenting on this statement during rebuttal, the prosecutor stated,

> Finally, [Dodd] knew he had made the statements to Agent Bland, and you know that the defendant did not tell Agent Bland that he was a drug dealer up until the statute of limitations.  He did not tell Agent Bland, "I used to be a drug dealer, but then I quit."  He said, "If I have to go to jail for the weed, that's okay, but I won't go to jail for the cocaine."

Defense counsel moved for a mistrial, arguing that the prosecutor improperly commented on Dodd's right to remain silent.  The district court denied the motion, finding that the comment was not a remark on Dodd's right to remain silent, but referred only to "the context" of Dodd's statement upon arrest.

We review a district court's refusal to declare a mistrial based on a prosecutor's comment regarding a defendant's right to

---

[2]The jury was properly instructed that any criminal activity prior to June 25, 1988, which is five years prior to the date the indictment was returned, was protected by the statute of limitations.

remain silent for abuse of discretion. *United States v. Delgado,* 56 F.3d 1357 (11th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 713, 133 L.Ed.2d 667 (1996). A comment is deemed to be a reference to a defendant's silence if it was the prosecutor's manifest intention to refer to the defendant's silence or if it was of such a character that the jury would "naturally and necessarily" understand it to be a comment on a defendant's silence. *United States v. Rosenthal,* 793 F.2d 1214, 1243 (11th Cir.), *opinion modified in part by,* 801 F.2d 378 (11th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987). It is well established that a prosecutor cannot comment on a defendant's post-*Miranda* silence to impeach exculpatory testimony on the ground that the defendant did not explain his conduct at the time of his arrest. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Doyle,* defendants testified at trial to exculpatory explanations for their participation in a drug transaction. *Id.* at 613, 96 S.Ct. at 2242-43. On cross-examination, the prosecutor impeached their testimony by asking why they had not offered this information upon arrest. *Id.* The Supreme Court held that this questioning violated the Due Process Clause of the Fourteenth Amendment because *Miranda* warnings contain implicit assurance that silence will carry no penalty. *Id.* at 617-18, 96 S.Ct. at 2244-45. Following this reasoning, the Court, in *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980) held that *Doyle* is inapplicable where the prosecutor's comments "merely inquire[ ] into prior inconsistent statements." *Anderson,* 447 U.S. at 408, 100 S.Ct. at 2182. Such comments, the Court explained, "make[ ] no

unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all." *Id.* (internal citations omitted).

Thus, the question before us is whether the prosecutor's comment addressed Dodd's failure to offer exculpatory evidence upon arrest, or simply addressed the context of Dodd's statement on arrest. We are persuaded that the district court did not abuse its discretion in finding the latter. Dodd argues that the prosecutor commented on his post-*Miranda* silence, referring to what Dodd failed to say upon arrest to impeach his exculpatory statute of limitations defense. However, as the Supreme Court noted in *Anderson,* "Each of two inconsistent descriptions of events may be said to involve "silence' insofar as it omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of "silence'...." *Anderson,* 447 U.S. at 409, 100 S.Ct. at 2182. The prosecutor's comments here can reasonably be read to refer to the inconsistency between Dodd's defense and his post-*Miranda* statement. Dodd claimed at trial that he had not dealt in marijuana in the five years before his arrest. However, his direct statement to Agent Bland, that he would go to jail for marijuana, could clearly raise the inference that his marijuana dealing was continuous. Thus, the district court's conclusion that it was not the prosecutor's manifest intent to refer to Dodd's silence and that the comment was not of such a character that would lead the jury to "naturally and necessarily" understand it to be a comment on Dodd's silence is not an abuse of discretion.

Dodd also contends that the trial court erred in refusing to grant a mistrial based on Antonio's statement during cross-examination that he had been incarcerated with Dodd. In response to defense counsel's question concerning a trip to England, Antonio replied,

> It was planned. [Dodd] planned that. I must come up to him. He gave me a number to call his friend Ever, who was working for him at the time in Florida. So, it was an agreement to come up, show it to him. I may have come up to the United States or traveled, but not at that time because [Dodd] and me just came out of prison. I didn't have the resources or anything.

Defense counsel moved for a mistrial, arguing that Antonio's statement concerning jail prejudiced Dodd. The court denied the motion and gave the jury the following curative instruction:

> Members of the jury, there has been some confusion. As I was saying, ladies and gentlemen of the jury, there has been some confusion about the answer the witness, Mr. Antonio, gave to Mr. Harris, the defense attorney, to his last question. The defendant, Michael Dodd, was not in jail. There is no dispute as to that and you are to accept that. Any problems with that instruction and I just wanted to make sure that you all understood that.

Where the district court gives a curative instruction, the district court's refusal to declare a mistrial will not be overturned unless the evidence is so highly prejudicial as to be incurable. *United States v. Funt,* 896 F.2d 1288, 1295 (11th Cir.1990). This Circuit has stated that the "mere utterance of the word [jail, prison, or arrest] does not, without regard to context or circumstances, constitute reversible error *per se.*" *United States v. Villabona-Garnica,* 63 F.3d 1051, 1057 (11th Cir.1995), *cert. denied,* --- U.S. ----, ----, 116 S.Ct. 1341, 1366, 134 L.Ed.2d 490, 532 (1996). We find no reversible error in the denial of Dodd's motion for mistrial under the circumstances presented

here.

Finally, we also affirm the district court's denial of a two-level reduction for acceptance of responsibility under the sentencing guidelines. U.S.S.G. § 3E1.1. At sentencing, Dodd argued that he was entitled to the reduction since he admitted to being involved with marijuana before the statute of limitation period. The district court found that Dodd did not qualify for the reduction based on Dodd's continued denial of factual guilt. This Court reviews the district court's determination of acceptance of responsibility only for clear error. *United States v. Arguedas,* 86 F.3d 1054, 1059 (11th Cir.1996). Under the circumstances of this case, we do not find that the district court clearly erred in denying a two-level reduction for acceptance of responsibility. Accordingly, we AFFIRM Dodd's conviction and sentence.