UNITED STATES of America

v.

James Otis BROWN.

No. CRIM. A. 91–392 (SSH).

United States District Court,
District of Columbia.

May 8, 1998.

George Bestor, Asst. U.S. Atty., U.S. Attorney's Office, Washington, DC, for Plaintiff.

Alan C. Drew, Upper Marlboro, MD, for Defendant.

## *MEMORANDUM ORDER*

STANLEY S. HARRIS, District Judge.

Before the Court are defendant's amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and the government's opposition thereto.[1] Defendant was convicted of one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii), on October 9, 1991. The Court then sentenced defendant to 87 months imprisonment and four years of supervised release on January 17, 1992. *See* Sentencing Tr. at 19. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," petitioner's amended motion for relief under § 2255 is denied. *See* 28 U.S.C. § 2255.

Defendant bases his § 2255 request on two grounds. First, he argues that he should have been granted a two-point offense level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Assuming *arguendo* that this claim may be the basis for a § 2255 motion, the Court nonetheless rejects defendant's contention of error in sentencing. As an initial matter, a reduction for acceptance of responsibility is available to a defendant who puts

1. Defendant requested, and the Court granted, the opportunity to reply to the government's response. Defendant, however, never submitted a reply.

the government to its burden of proof at trial only in those "rare situations" where the defendant goes to trial to assert and preserve issues that do not relate to factual guilt. *See* U.S.S.G. § 3E1.1 App. Note 2. In this case, although the admissibility of certain evidence was an issue at trial, it is clear that defendant went to trial in order to challenge the factual basis for his guilt; indeed he challenged the factual basis for his conviction on appeal. *See United States v. Brown,* 990 F.2d 1377 (D.C.Cir.1993) *(per curiam )* (rejecting defendant's claim that there was insufficient evidence of his possession of drugs to sustain his conviction).

Moreover, although defendant admitted in a probation interview that he had sold drugs in the past, which the probation officer apparently understood to be an acceptance of responsibility, *see* Presentence Report at ¶¶ 7–8, at the sentencing hearing defendant clarified that he disavowed any involvement in the incident for which he was convicted.[2] *See* Sentencing Tr. at 6–8 (January 17, 1992). Thus, the information contained in defendant's presentence report is not sufficient to merit a reduction in sentence under § 3E1.1. *See, e.g., United States v. Dodd,* 111 F.3d 867, 870 (11th Cir.1997) *(per curiam )* (affirming the district court's denial of a two-point reduction for defendant who admitted to involvement with drugs generally but denied his factual guilt in the relevant incident); *United States v. Cutchin,* 956 F.2d 1216, 1219 (D.C.Cir.1992) (upholding refusal to grant

two-point reduction because defendant continued to make excuses for his conduct).

■ Defendant also claims that he is entitled to relief under § 2255 because he was denied effective assistance of counsel. This claim is based on the fact that the District of Columbia Court of Appeals' Board on Professional Responsibility found that Alan C. Drew, defendant's counsel, failed to competently represent defendant when he failed to appeal or request a modification of defendant's sentence in a Superior Court case. *See* Def.'s Mot. for Leave to Amend 28 U.S.C. § 2255 Memo. of Law Incorporated, at 3; *see also In re Alan C. Drew,* 693 A.2d 1127 (D.C.1997) (upholding the Board's sanction of Mr. Drew). Defendant, however, includes no specific examples of allegedly incompetent representation when Mr. Drew handled defendant's criminal case before this Court. In order to prevail on an ineffective assistance of counsel claim, a defendant must show (1) counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant's allegation that Mr. Drew's representation was deficient in another case is not sufficient to prove that Mr. Drew's performance in this case fell below an objective standard of reasonableness, and the Court's independent recollection of the trial leads it to observe that Mr. Drew's representation of defendant was of a high professional quality.[3] Accordingly, it hereby is

---

2. The colloquy between the Court and defense counsel went as follows:

THE COURT: Help me out. I am afraid I may have missed something. As I understand it, you took issue with the statement in paragraph 8 on page 3 of the Presentence Report that defendant acknowledged his guilt.

MR. DREW: Overall he acknowledged his guilt as to his life involving drugs. As to this particular incident, he did not indicate that he knew . . . .

THE COURT: All right. Let's go to paragraph 15 on page 4 then: "The defendant only admitted his involvement"—well, let's make sure you've found it. "He admitted his involvement in this offense after receiving a verdict of guilty." Now, has he or has he not admitted his involvement in this offense?

MR. DREW: No, he has not.

THE COURT: Pardon?

MR. DREW: No, he has not.

THE COURT: Okay. That's what I needed to find out.

Sentencing Tr. at 6–8.

3. Moreover, defendant has offered no evidence of prejudice in this case. The failure of defendant to get a two-point reduction in sentencing for acceptance of responsibility cannot be considered prejudicial because (1) the sentencing transcript makes it clear that Mr. Drew zealously advocated for defendant on that issue, and (2) as previously discussed, defendant was not entitled to that reduction. Although defendant makes reference to the fact that Mr. Drew did not appeal his conviction in his Superior Court case, *see* Def.'s Mot. for Leave to Amend 28 U.S.C. § 2255 Memo. of Law Incorporated, at 3, Mr. Drew did appeal defendant's conviction in this Court. *See* Notice of Appeal (January 27, 1992).

ORDERED, that defendant's amended motion to vacate, set aside or correct his sentence is denied.

SO ORDERED.