[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14039
Non-Argument Calendar

_____

D. C. Docket No. 06-60360-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGARDO TAVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2008)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Edgardo Tavarez appeals his conviction and 97-month sentence for

conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On appeal, Tavarez argues that the district court (1) abused its discretion in denying his motions for a mistrial and a new trial, and (2) erred in basing a two-level sentence enhancement on acquitted conduct. After review, we affirm.

## I. BACKGROUND

### A. Jury Trials

In a second superseding indictment, Tavarez was indicted, along with Mark Daniel Gutierrez, for (1) conspiracy to possess with intent to distribute 100 grams or more of heroin from on or about October 24, 2006 to January 23, 2007, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count One); and (2) possession with intent to distribute 100 grams or more of heroin on January 23, 2007, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Two). Tavarez alone was indicted for (3) carrying a firearm on January 23, 2007 in relation to the drug offenses in Counts One and Two, in violation of 18 U.S.C. § 924(c)(1) (Count Three). Gutierrez pled guilty, but Tavarez pled not guilty. At his first trial, the jury found Tavarez not guilty on Count Three but could not reach a verdict on Counts One and Two. The district court declared a mistrial.

During Tavarez's second trial on Counts One and Two, Tavarez's counsel

cross-examined Drug Enforcement Agency ("DEA") Special Agent Anne-Judith Lambert. Tavarez's counsel asked Special Agent Lambert if Tavarez was "cooperative" at the time of his arrest. In reply, Special Agent Lambert testified that Tavarez was cooperative in that he did not resist arrest but that he was uncooperative in that he refused to give information, as follows:

> Q. But as far as how [Tavarez] was arrested, he walks downstairs, gets into a truck and he is notified he is under arrest, correct?
> A. Yes, he is.
> Q. He is cooperative, correct?
> A. Yes.
> He doesn't resist arrest if that's what you mean.
> Q. He doesn't try to run, makes no f[u]rtive movement with his hands, correct?
> A. No.
> Q. And his girlfriend allows a search of the house, correct – of an apartment?
> A. I was told that, but I can't testify to that because I was not there for the search.
> . . .
> Q. This may sound crazy, but if the defendant was cooperative when he got arrested, if his girlfriend said, sure, go ahead and search my residence, did it ever dawn on you or anybody else in the Justice Department to say: Can we search your house?
> A. I don't know what you mean when you say "cooperated." He didn't resist arrest. And, no, he did not cooperate because he refused to give information.

Tavarez's counsel then moved for a mistrial, arguing that Special Agent Lambert had commented on Tavarez's constitutional right to remain silent. Tavarez's counsel argued he was very clear in his questioning that he was asking

3

about Tavarez's physical movements and not about Tavarez's speaking to the police. The district court denied the motion, stating "I don't know that she commented on your client's right to remain silent. If she did, you opened the door."

The jury found Tavarez guilty on Count One (heroin conspiracy) and not guilty on Count Two (heroin possession). Following the jury verdict, Tavarez's counsel moved for a new trial. Tavarez's new trial motion argued that Special Agent Lambert's statement should not have been permitted. The district court denied the motion on the basis that: (1) the mere mention of post-arrest silence does not result in a mistrial; (2) there was no due process violation, particularly where the trial evidence was strong; and (3) Special Agent Lambert's testimony was not necessarily unresponsive to the defense counsel's line of questioning.

## B.    Sentencing

Tavarez's Presentence Investigation Report ("PSI") assigned him a base offense level of 26, pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(7), because the offense involved at least 100 grams of heroin. The PSI assigned a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because a firearm was involved, resulting in a total offense level of 28.[1] With a criminal history category of I,

_____

[1]U.S.S.G. § 2D1.1(b)(1) mandates the two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed."

4

Tavarez's advisory guidelines range was 78 to 97 months' imprisonment.

Tavarez filed objections to the PSI, including an objection to the two-level firearm enhancement because he was acquitted of Count Three, i.e., carrying a firearm in relation to the drug offenses in Counts One and Two. At his sentencing hearing, Tavarez argued that his drug conspiracy indictment (Count One) did not mention a firearm, that there was no evidence connecting the firearm to the drug conspiracy, and that using the firearm to enhance his sentence would nullify the jury's decision that he was not guilty of the firearm charge in Count Three. The government replied that possession of the firearm was relevant conduct and that it had established Tavarez's possession of the gun during and in relation to the drug conspiracy by a preponderance of the evidence.

The district court noted that United States v. Watts, 519 U.S. 148, 117 S. Ct. 633 (1997), allows a district court to consider acquitted conduct proven by a preponderance of the evidence in fashioning an appropriate sentence. The district court concluded that the gun was part of Tavarez's relevant conduct. The district court overruled Tavarez's objection and sentenced him to 97 months' imprisonment. Tavarez filed this appeal.

## II. DISCUSSION

### A. Motions for Mistrial and New Trial

5

On appeal, Tavarez first argues the district court abused its discretion in refusing to grant his motions for a mistrial or a new trial because Special Agent Lambert's testimony that Tavarez refused to give information was intended to refer directly to Tavarez's post-arrest silence.[2] He argues that the reference was not invited by counsel, because it was clear that when counsel referred to Tavarez as "cooperative," he was referring to the fact that Tavarez did not try to flee from the police.

The use of a defendant's post-Miranda[3] silence for impeachment purposes violates the defendant's due process rights. See Doyle v. Ohio, 426 U.S. 610, 617, 96 S. Ct. 2240, 2244 (1976) ("[I]t would be fundamentally unfair and a deprivation of due process to allow [an] arrested person's silence to be used to impeach an explanation subsequently offered at trial."). However, comments on post-arrest, but pre-Miranda, silence do not violate due process. See Fletcher v. Weir, 455 U.S. 603, 605-07, 102 S. Ct. 1309, 1311-12 (1982); United States v. Rivera, 944 F.2d 1563, 1568 (11th Cir. 1991). "To determine whether there has been an impermissible comment upon a defendant's right not to testify at trial, the district

---

[2]We review a district court's refusal to grant a mistrial, based on a comment regarding a defendant's right to remain silent, for abuse of discretion. See United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999). We also review the denial of a motion for a new trial for abuse of discretion. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995).

[3]Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).

6

court must consider . . . whether the statement was manifestly intended or was of such character that a jury would naturally and necessarily take it to be a comment on the failure of an accused to testify." United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

Here, we are persuaded that the district court did not abuse its discretion in denying Tavarez's motions for a mistrial and a new trial. First, the record is unclear as to whether Tavarez's refusal to give information that was referenced by Special Agent Lambert was before or after he received Miranda warnings.[4] Second, and in any event, Special Agent Lambert made the statement about Tavarez refusing to provide information in direct response to a question during cross-examination by defense counsel. And, the prosecution later made no further argument or inquiry regarding the statement. See United States v. Stubbs, 944 F.2d 828, 835 (11th Cir. 1991) ("While a single comment alone may sometimes constitute a Doyle violation . . . a single mention does not automatically suffice to violate defendant's rights when the government does not specifically and expressly attempt to use . . . the improper comment to impeach the defendant.").

---

[4]Although Special Agent Lambert's comment referenced Tavarez's refusal to give information in relation to his arrest, Special Agent Lambert gave no testimony about when or whether Tavarez was read his Miranda rights during the arrest. Prior to Special Agent Lambert's testimony at trial, another DEA agent, Kimberly Elliott, testified that although she did not read Tavarez his Miranda rights at the time of his arrest, they were read by "an agent."

7

Further, Special Agent Lambert's statement was given in response to her

apparent confusion over what defense counsel meant by Tavarez being

"cooperative."  See Chastain, 198 F.3d at 1351 ("[T]he court must consider the

circumstances in which the statement was made.").  A jury would not necessarily

interpret Special Agent Lambert's statement as a reference to Tavarez's exercise of

his right to remain silent, but rather as an answer to Tavarez's attorney's assertion

that Tavarez was "cooperative."  See United States v. Dodd, 111 F.3d 867, 869

(11th Cir. 1997).  Thus, Tavarez has not shown that Special Agent Lambert's

statement was "manifestly intended" to be a comment on Tavarez's exercise of his

right to remain silent.  See Chastain, 198 F.3d at 1351.  For all of these reasons, we

conclude that Special Agent Lambert's statement in this case does not constitute a

Doyle violation.[5]

**B.      Firearm Enhancement**

As to the firearm enhancement, Tavarez argues our holding in United States

v. Duncan, 400 F.3d 1297 (11th Cir. 2005), should be overturned because such an

enhancement violates the Fifth and Sixth Amendments and the principles of United

---

[5]At any rate, even assuming a Doyle violation, such a violation "is harmless if the error had no 'substantial and injurious effect or influence in determining the jury's verdict.'"  United States v. Miller, 255 F.3d 1282, 1285 (11th Cir. 2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714 (1993)).  We agree with the district court that the government's evidence was strong, and the witness's lone comment, in light of all the other evidence presented, did not materially affect the jury's verdict.

8

States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[6] In Duncan, this Court held that Booker does not prohibit courts from considering relevant acquitted conduct in an advisory guidelines system as long as a court does not impose a sentence that exceeds what is authorized by the jury verdict. Duncan, 400 F.3d at 1304-05. Tavarez's 97-month sentence does not exceed the statutory maximum of 40 years for his drug conspiracy conviction in Count One. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and 846; Duncan, 400 F.3d at 1304-05. As Tavarez himself recognizes, we are bound by our precedent in Duncan. See United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004) (noting that only the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision).

Here, the district court properly enhanced Tavarez's sentence based on its finding that the government established a connection between Tavarez's drug conspiracy offense conduct and his possession of a firearm by a preponderance of the evidence, even though Tavarez was acquitted of the same charge at trial. The record also amply supports the district court's application of the enhancement. The district court concluded Tavarez had the firearm with him "for protection." Tavarez possessed the loaded Glock-9mm pistol, which was registered to him, while he was involved in a drug sale and while he was in his truck with $4,000 of

---

[6]We review constitutional challenges to a sentence de novo. United States v. Cantellano, 430 F.3d 1142, 1144 (11th Cir. 2005).

9

pre-recorded buy money and another two ounces of heroin.

For all of the foregoing reasons, we affirm Tavarez's conviction and sentence.

**AFFIRMED.**