[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14865
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00021-CR-5-RDP-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD PUCKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 26, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Edward Puckett appeals his conviction for conspiracy to distribute

and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  On appeal, Puckett argues that (1) the admissible evidence presented at trial was insufficient to support his conviction; (2) the district court abused its discretion in giving a curative instruction rather than granting a request for a mistrial when a government witness gave inadmissible hearsay testimony; and (3) the imposition of a mandatory minimum sentence under 18 U.S.C. § 841(b) offends the separation of powers doctrine and the Eighth Amendment to the United States Constitution.

I.

Puckett argues that the evidence at trial failed to support that he knowingly or voluntarily participated in the conspiracy.

"Sufficiency of the evidence is a question of law that we review *de novo*." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006).  In reviewing the sufficiency of the evidence, we consider "the evidence in the light most favorable to the government." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam).  "All reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict." *Id.*  We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." *Id.*  "The evidence need not

2

exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." *United States v. Bailey*, 123 F.3d 1381, 1391 (11th Cir. 1997).

To support a conspiracy conviction under 21 U.S.C. § 846, the government must establish beyond a reasonable doubt that (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he knowingly and voluntarily joined it. *United States v. Thompson*, 422 F.3d 1285, 1290 (11th Cir. 2005) (quotation marks and citation omitted), *vacated on other grounds by Stratton v. United States*, 128 S. Ct. 859 (2008). Puckett appears to challenge only the last two elements. "A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." *United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984). While mere presence or close association with a co-conspirator does not suffice to established knowing participation in a conspiracy, "[p]resence is, however, a material and probative factor which the jury may consider in reaching its decision." *Id.* Moreover, "[g]uilt may exist even when the defendant plays only a minor role and does not know all the details of the conspiracy." *United States v. Perez-Tosta*, 36 F.3d 1552, 1557 (11th Cir. 1994).

Considering the evidence in the light most favorable to the Government and

3

the jury's verdict of conviction, a reasonable jury could find that Puckett knowingly and voluntarily joined the conspiracy. First, as to knowledge of the conspiracy, Puckett lived with Angie Rollins when she purchased and sold large quantities of methamphetamine from William Byrum.[1] In fact, Puckett watched as Ms. Rollins retrieved the methamphetamine from a canister in her backyard and packaged it for resale. Second, as to being a knowing and voluntary participant in the conspiracy, the evidence established that, on several occasions, Puckett retrieved the methamphetamine from the canister in the backyard, assisted Rollins in repackaging the drugs by handing her bags and securing the bags, and returned the drugs in the canister to the backyard. As such, because a reasonable jury could have concluded that Puckett knew of the conspiracy and knowingly and voluntarily participated in that conspiracy, we reject Puckett's claim that the evidence was insufficient to support his conviction.

## II.

Puckett argues that his motion for a mistrial should have been granted because the prejudicial impact of a government witness's inadmissible hearsay statement outweighed the district court's curative instruction, as the only other

---

[1] The Government charged and indicted Puckett, Rollins, and Byrum together with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. Ms. Rollins pled guilty and testified against Puckett. During the course of the investigation, Mr. Byrum cooperated with the Government.

evidence supporting his knowing participation in the conspiracy was the testimony of his alleged co-conspirator.

We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005) (per curiam). Further, "[t]he decision whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of improper testimony." *United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994) (per curiam). A defendant is entitled to a grant of mistrial only upon a showing of substantial prejudice. *United States v. Chastain*, 198 F.3d 1338, 1352 (11th Cir. 1999). Prejudicial testimony is less likely to mandate a mistrial "when there is other significant evidence of guilt which reduces the likelihood that the otherwise improper testimony had a substantial impact upon the verdict of the jury." *United States v. Rouco*, 765 F.2d 983, 992 (11th Cir. 1985) (quotation omitted). Where the district court issues a curative instruction, we will overturn the district court's refusal to declare a mistrial only where the evidence is so highly prejudicial as to be incurable. *United States v. Dodd*, 111 F.3d 867, 870 (11th Cir. 1997). In making that determination, we presume that the jury followed the district court's curative instructions. *Ramirez*, 426 F.3d at 1352.

On direct examination, a witness for the Government, Special Agent

Frederick Gasbarro of the U.S. Drug Enforcement Administration, testified that

Byrum told him that Rollins and Puckett obtained methamphetamine from Byrum.[2]

Counsel for Puckett objected and the district court sustained the objection and

instructed the jury to disregard the testimony. In addition, after the district court

denied Puckett's motion for a mistrial, the district court gave a curative instruction

to the jury and again reminded them to disregard the testimony. In order for

Puckett to prevail on this issue, he must show that the curative instruction failed to

cure the prejudicial effect of the statement. *See Dodd*, 111 F.3d at 870. Puckett

has failed to do so. Presuming that the jury followed the district court's

instructions to disregard the improper testimony, the district court's curative

instruction appeared to alleviate any prejudicial impact of the inadmissible hearsay

---

[2] The exchange between counsel for the Government and Special Agent Gasbarro transpired in this way:

> Q: Did [Byrum] agree to make any telephone calls on that day?
> A: Yes.
> Q: Did there come occasion on that day that he spoke to Ms. Rollins?
> A: Yes.
> Q: And how do you know that?
> A: I was there. I listened to the call when it was made. I set up the equipment to make the call.
> Q: And what was the point of that call?
> A: It was to - he had indicated to us Ms. Rollins and Mr. Puckett had obtained some methamphetamine from him a few days earlier -

R. at 158.

statement. Considering the discretion given to the district court to gauge the prejudicial effect of improper testimony as well as the other admissible evidence sufficient to support Puckett's conviction, we conclude that district court did not abuse its discretion by refusing to grant a mistrial.

III.

Lastly, Puckett argues that the district court's imposition of a mandatory minimum sentence under 18 U.S.C. § 841(b) offends the separation of powers doctrine and the Eighth Amendment to the U.S. Constitution. "We review questions of constitutional law *de novo*." *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004).

Precedent forecloses both constitutional arguments. As to the separation of powers, we have held that statutory mandatory minimum sentences do not violate the separation of powers doctrine, explaining that "[i]t is for Congress to say what shall be a crime and how that crime shall be punished." *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988) (citation omitted). As to the Eighth Amendment, we have rejected arguments that mandatory life sentences under 21 U.S.C. § 841(b)(1)(A) constitute cruel and unusual punishment in violation of the Eight Amendment as "without merit." *United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992) (per curiam); *see also United States v. Johnson*, 451 F.3d 1239,

7

1243 (11th Cir. 2006) (per curiam) ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (citation omitted). Accordingly, we find that our precedent forecloses Puckett's constitutional arguments.

## IV.

Based on a review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Puckett's conviction and sentence.

**AFFIRMED.**