[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10752
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:08-cr-14060-JEM-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOEL ALBANES-GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2010)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Noel Albanes-Gomez was convicted at the hands of a jury on

both counts of a superceding indictment—Count 1, which charged him with

conspiring in violation of 18 U.S.C. § 1349 to commit mail fraud in violation of 18 U.S.C. § 1341, and Count 2, which charged him with the substantive § 1341 offense—and the district court sentenced him to concurrent prison terms of thirty-six months. He now appeals his convictions. The charges against appellant were based on fraudulent applications he and his coconspirators submitted to a mortgage company to obtain funds to purchase residential properties—at least ten of which were used as marijuana grow houses. Appellant asks that we vacate his convictions and grant him a new trial on several grounds. None have merit.

## I.

Appellant contends that the district court abused its discretion by admitting Federal Rule of Evidence 404(b) evidence of his marijuana arrest on November 10, 2005. The arrest occurred after a Miami police officer approached the front door of a Miami residence, smelled marijuana emanating from the house, and knocked. Appellant answered the knock and permitted the officer to enter. Once inside, the officer discovered five rooms that were constructed to grow marijuana and contained evidence of such purpose. He placed appellant under arrest and read him his *Miranda* rights. Appellant then admitted to the officer that he had been using the house to grow marijuana.

We review the district court's decision to admit or exclude the evidence of

the arrest for an abuse of discretion. *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). Rule 404(b) prohibits evidence of other crimes, wrongs, or acts to prove a person's character in order to show action in conformity therewith. This type of evidence is admissible, however, for other purposes, such as proof of motive, intent, or absence of mistake or accident provided that the government provides reasonable notice of the general nature of any such evidence it intends to introduce at trial. "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . it forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Church,* 955 F.2d 688, 700 (11th Cir. 1992) (internal quotation omitted). "In such a situation, because the evidence is intrinsic, not extrinsic, we do not engage in a Rule 404(b) analysis." *Id.*

We apply a three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

3

*Matthews*, 431 F.3d at 1310-11. Under the first prong, "in every conspiracy case, a not guilty plea renders the defendant's intent a material issue," and extrinsic evidence which may be probative of a defendant's state of mind is admissible "unless the defendant affirmatively takes the issue of intent out of the case." *Id.* at 1311 (alterations and internal quotation marks omitted). A jury is entitled to believe as much or as little of the witnesses' testimony as it finds credible, and the "difficulty of proving intent in conspiracies is what creates the presumption that intent is always at issue." *Id.* at 1312.

A district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403. This determination "calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation omitted). Although the district court has a great degree of discretion in weighing probative value and prejudice under Rule 403, we have "also recognized that Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance . . . should be struck in favor of admissibility." *United States v. Dodds*,

347 F.3d 893, 897 (11th Cir. 2003) (quotations omitted).

We find no abuse of discretion in the admission of appellant's marijuana arrest. First, the evidence was relevant to an issue other than appellant's character, namely his intent, which, by pleading not guilty, appellant placed at issue. *See Matthews*, 431 F.3d at 1311. Second, appellant concedes that he was growing marijuana in his home; hence, the second prong is not at issue. *See Matthews*, 431 F.3d at 1311 n.14 (concluding that where the defendant does not challenge the sufficiency of the evidence supporting the extrinsic act, the second prong need not be considered). Third, the probative value and the government's need for this evidence substantially outweighed any unfair prejudice.

## II.

Appellant contends that the district court erred in admitting the statements he made to the officer following his arrest infringed his Fifth Amendment right to remain silent. Use of a defendant's post-*Miranda* silence to impeach his defense at trial violates the defendant's due process rights. *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976); *United States v. O'Keefe*, 461 F.3d 1338, 1345-46 (11th Cir. 2006). However, not every mention of a defendant's post-*Miranda* silence is a *Doyle* violation. Our precedent has, for example, distinguished the situation of a suspect who chooses to speak in part and

assert his right to silence in part, from one who remains silent altogether. *Lofton v. Wainwright*, 620 F.2d 74, 76-79 (5th Cir. 1980) (habeas context); *see also United States v. Dodd*, 111 F.3d 867, 869-70 (11th Cir. 1997) (asking whether the prosecutor addressed Dodd's silence or rather the context of the statement that Dodd offered). Additionally, a single comment does not constitute a *Doyle* violation when that comment is not used by the government in making a specific inquiry or argument about the defendant's post-arrest silence. *See United States v. Stubbs*, 944 F.2d 828, 834-35 (11th Cir.1991).

In this case, as in *Stubbs*, the government made no specific inquiry or argument about appellant's post-arrest silence. *Id.* at 835. Moreover, the government did not attempt to use appellant's post-arrest silence to impeach his testimony, for appellant testified that he was in fact growing marijuana in his home. In short, we find no Fifth Amendment violation occurred.

### III.

Appellant contends that the district court abused its discretion in (a) admitting Rule 404(b) evidence that he failed to file a 2005 or 2006 income tax return and evidence that he structured cash deposits into his bank account; (b) denying his motion for a mistrial; and/or (c) refusing his request for a curative instruction. Finally, he argues that the cumulative effect of these errors deprived

him of a fair trial.

We find no abuse of discretion in the court's admission of the evidence of appellant's failure to file income tax returns for 2005 and 2006. The mortgage application stated that he made over $90,000 a year, which was material to the lender's decision to grant the loan requests. The evidence that appellant had not filed the returns for 2005 and 2006 demonstrated that he had lied about his income on the mortgage application. The evidence was clearly relevant and probative of the charged offenses.

We review a denial of a mistrial motion for abuse of discretion. *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005). Because a trial judge is in the "best position to evaluate the prejudicial effect of a statement or evidence on the jury," it is within that judge's discretion to grant or deny a mistrial. *United States v. Delgado*, 321 F.3d 1338, 1346-47 (11th Cir. 2003) (quotation omitted). "Evidentiary . . . errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights." *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990). A defendant's substantial rights are not affected if properly admitted evidence sufficiently establishes his guilt. *Ramirez*, 426 F.3d at 1353.

"The cumulative error doctrine provides that an aggregation of non-

reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of a constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (quotation omitted). We address a claim of cumulative error by first considering the validity of each claim individually, and then examining any errors in the aggregate and the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *See United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). However, where there is no error or only a single error, there can be no cumulative error. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

Appellant moved for a mistrial after IRS agent Andrew Schmit referred briefly to the fact that cash deposits to appellant's bank accounts in amounts less than $10,000 constituted "structuring." Assuming that the court's admission of this brief reference was improper, we are satisfied that it did not affect appellant's substantial rights—especially in light of the overwhelming proof of guilt.[1]

AFFIRMED.

---

[1] Appellant's argument that the court's errors cumulatively denied him a fair trial is frivolous.