[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10576
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00048-CAR-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ULYSSES ANTWAIN BLACKMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 22, 2014)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ulysses Antwain Blackmon appeals his conviction for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). He argues that: (1) the district court erred by denying his motion to

suppress evidence of cocaine; and (2) the district court abused its discretion by denying his motion for a mistrial.  After careful review, we affirm.

We apply a mixed standard of review to the denial of a motion to suppress, reviewing factual findings for clear error and the application of law to those facts de novo.  United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003).  We construe all facts in a light most favorable to the prevailing party.  Id.  We review de novo a court's determination of probable cause, Ornelas v. United States, 517 U.S. 690, 699 (1996), and constitutional errors, United States v. O'Keefe, 461 F.3d 1338, 1346 (11th Cir. 2006).  We accept testimony deemed credible by the district court unless it violates laws of nature or is so inconsistent that no reasonable factfinder would accept it.  United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).  Finally, we review for abuse of discretion the denial of a motion for mistrial.  United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

First, we reject Blackmon's claim that the court should have suppressed cocaine found during a consensual search of the vehicle he was riding in because the officer lacked probable cause for the initial traffic stop.  An officer is permitted to conduct a warrantless investigatory stop when he has probable cause to believe a traffic offense has occurred or reasonable suspicion of criminal activity.  United States v. Spoerke, 568 F.3d 1236, 1248 (11th Cir. 2009).  This standard is met

2

when an officer personally observes a traffic infraction.  United States v. Harris, 526 F.3d 1334, 1338 (11th Cir. 2008).

In this case, the officer testified that he witnessed two traffic infractions committed by the driver of the vehicle Blackmon was riding in, and the district court concluded that the officer's testimony was credible.  Blackmon argues that the officer could not have distinguished the tag light and failed to corroborate his observation of a lane violation, but the officer's testimony to the contrary was deemed credible by the district court.  Because the officer's testimony was not so inconsistent that no factfinder could reasonably accept it, the district court did not err by concluding that the officer had probable cause to justify an investigative stop or by denying Blackmon's motion to suppress.

We also are unpersuaded by Blackmon's claim that the district court abused its discretion by denying his motion for a mistrial after a government witness committed a Doyle[1] violation.  A defendant's due process rights are violated if the prosecution attempts to use his silence after receiving a Miranda[2] warning to impeach him.  Doyle, 426 U.S. at 619.  A statement references the defendant's silence if "it was the prosecutor's manifest intention to refer to the defendant's silence" or if the statement would naturally and necessarily be understood by the

---

[1]    Doyle v. Ohio, 426 U.S. 610 (1976).

[2]    Miranda v. Arizona, 384 U.S. 436 (1966).

3

jury to be a comment on the defendant's silence. United States v. Dodd, 111 F.3d 867, 869 (11th Cir. 1997). A single statement about the defendant's silence does not show a manifest intent to reference the defendant's silence when it is a direct response to an open-ended question from defense counsel. Chastain, 198 F.3d at 1351-52.

As the record here shows, the government witness's brief reference to Blackmon's refusal to submit to an interview was given in response to an open-ended question on cross-examination. Furthermore, the witness's statement -- that he had "attempt[ed] to interview Mr. Blackmon" -- could not be understood necessarily as a comment on Blackmon's silence because it could also be interpreted as a statement that the witness was unable to schedule an interview with Blackmon. On this record, the district court did not err in concluding that such a passing reference was not manifestly intended to reference Blackmon's silence. Therefore, the district court did not abuse its discretion by denying Blackmon's motion for a mistrial.

**AFFIRMED**.